Filed 11/7/13  P. v. Brewer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072560 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00145) |
| v. | |
| KRISTOPHER KENNETH BREWER, | |
| Defendant and Appellant. | |

A jury found Kristopher Kenneth Brewer guilty of felony possession of marijuana while in prison.  The trial court found one prior strike allegation to be true and dismissed the other, resulting in a four-year sentence.

On appeal, defendant contends the trial court abused its discretion when it refused to dismiss his second prior strike allegation.  Defendant claims the trial court failed to fully consider the minor nature of the offense, his emotional and mental problems, and his "mixed bag" of conduct in prison.

We find no error in the court's denial of defendant's request.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2011, Correctional Officer Doug Howell noticed defendant, a prison inmate, with his hand down the back of his pants in what appeared to be an attempt to secrete something into his rectum. When questioned, defendant told Officer Howell he was "trying to shove something up his butt, but he couldn't get it" in. Defendant then pointed to a cellophane bindle wrapped in black tape on the ground and said it contained chewing tobacco.

As a result, defendant was strip searched and his rectum was inspected, but nothing was found. Defendant was then placed on contraband watch in a cell where Officer Howell observed him having a bowel movement. Thereafter, two bindles were discovered in defendant's feces. One bindle contained tobacco and the other smaller bindle contained marijuana. The net weight of the marijuana was 0.38 grams.

The jury found defendant guilty of possessing marijuana while in prison, a felony. On a motion by the People, the trial court dismissed one of two prior strike convictions arising from a 1993 case in which defendant kidnapped and robbed a person at gunpoint.

The court then denied defendant's *Romero*[1] motion "based on the conduct of the defendant since he has been incarcerated" and sentenced defendant to two years in state prison, which the court doubled pursuant to the prior strike, for an aggregate term of four years.

DISCUSSION

Defendant claims the trial court abused its discretion when it refused to dismiss his second prior strike. The People assert defendant's criminal history places him within the spirit of the three strikes law. We conclude that the trial court did not abuse its discretion in refusing to strike defendant's second prior strike.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

2

In *Romero*, the California Supreme Court held that trial courts have discretion under Penal Code[2] section 1385 to dismiss a strike prior in the furtherance of justice and the exercise of that discretion can be reviewed by the appellate court for abuse of discretion. (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 504.) In *People v. Williams* (1998) 17 Cal.4th 148, the court clarified that the question to be answered on a motion to dismiss under section 1385 is whether "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.) The court's sentencing decision is subject to review for abuse of discretion, and this discretion must be used in a manner that is not arbitrary and capricious and should be based upon an " 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

Defendant first argues the minor nature of the marijuana possession felony does not warrant the four-year consecutive prison term. Defendant contends that had he not been in custody, his offense would have been merely an infraction and he would have received a fine of no greater than $100. However, it does not matter that his offense would have been less serious if he had committed it outside of prison because he committed it *in* prison. The Legislature has decided that what would be a mere infraction outside prison walls -- the possession of marijuana -- should be a *felony* if it takes place in prison. (§ 4573.6) Defendant fails to cite any authority for the proposition that this different punishment for the offense committed should be taken into consideration in a

---

[2]     Undesignated section references are to the Penal Code.

3

*Romero* hearing. The trial court's consideration of his criminal act was not arbitrary or irrational.

Defendant also contends that the court abused its discretion by failing to fully consider his background of "mental and emotional problems" when deciding whether to strike his second strike prior. Defendant "suffer[ed] mental and emotional problems . . . [,] was under psychiatric care intermittently . . . [and] began abusing alcohol and drugs [at age nine]." Although these issues may be considered a relevant factor in mitigation in sentencing, we fail to see how they would compel the conclusion that the only reasonable result would have been the striking of all defendant's priors.

Lastly, defendant contends that the trial court abused its discretion by not properly weighing defendant's "mixed bag" of conduct in prison. Defendant minimizes his bad conduct when calling it a "mixed bag." In presenting that argument, defendant exaggerates mitigating factors and minimizes aggravating ones by citing positive work and educational review and only briefly mentions his long list of rule violations during his incarceration. The list of 13 violations as an adult in prison ranges from obstructing an officer to battery of another inmate, and indicates that defendant has been unable to change his drug-abusive lifestyle. Defendant's inability to conform to the law in prison does not lead one to believe that he will conform to the law outside it. The court declined to strike defendant's prior conviction, citing "the conduct of defendant since he has been incarcerated." Therefore, the trial court gave appropriate consideration to defendant's conduct in prison.

Viewing the record as a whole, defendant fails to convince us the sentencing court was irrational or arbitrary in concluding the interests of justice were furthered by finding him within the spirit of the three strikes law. The trial court did not abuse its discretion in denying defendant's *Romero* motion.

4

## DISPOSITION

The judgment is affirmed.


     ROBIE     , Acting P. J.


We concur:


     MAURO     , J.


     HOCH     , J.